IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| REBECCA EURES, THERESA FRITZ, WILLIAM NORRIS, VICKIE BOHNE, DAVID BOWLING, RICK ALTMEYER, REBECCA CLARK,<br>　　　　　Plaintiffs<br><br>vs.<br><br>HAVENPARK MANAGEMENT, LLC, THE PINES OF NEW ALBANY, LLC, and EMC PROPERTY & CASUALTY COMPANY<br>　　　　　Defendants | CASE NO. 4:23-CV-00184-TWP-KMB |

## FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND FOR CLASS ACTION

Comes now the Plaintiffs, Rebecca Eures ("Eures"), Theresa Fritz ("Fritz"), William Norris ("Norris"), Vickie Bohne ("Bohne"), David Bowling ("Bowling"), Rick Altmeyer ("Altmeyer"), and Rebecca Clark ("Clark"), by counsel, and for their Complaint against the Defendants, Havenpark Management, LLC ("Havenpark"), The Pines of New Albany, LLC ("Pines LLC"), and EMC Property & Casualty Company ("EMC") state as follows:

### I.   INTRODUCTION

1. All Plaintiffs and the putative class are (or were in the 4 years prior to the filing of the initial Complaint in this case) owners of manufactured/mobile homes and residents of a mobile home park called "The Pines" located in Floyd County, Indiana.

2. This action consists of essentially three parts: (a) claims against Defendants for

breach of the class leases by unilaterally changing terms and increasing rents and fees without execution of new lease agreements, in violation of existing lease agreements, and in violation of Indiana statutory and common law; (b) claims by Plaintiffs, both individually and on behalf of the class, for damages to their rented lot and to their manufactured homes caused by defendants' breach of contract and negligent operation of common areas; and (c) a claim by Plaintiffs, both individually and on behalf of the class, for fraud.

## II. PARTIES

3. Plaintiff Eures is a resident of Floyd County, State of Indiana whose address is 201 Black Pine Blvd., New Albany, Indiana 47150.

4. Plaintiff Theresa Fritz is a resident of Floyd County, State of Indiana whose address is 4726 Black Pine Blvd., New Albany, Indiana 47150.

5. Plaintiff William Norris is a resident of Floyd County, State of Indiana whose address is 4722 Scotch Pine Blvd., New Albany, Indiana 47150.

6. Plaintiff Vickie Bohne is a resident of Floyd County, State of Indiana whose address is 424 White Pine Blvd., New Albany, Indiana 47150.

7. Plaintiff David Bowling is a resident of Floyd County, State of Indiana whose address is 425 White Pine Blvd., New Albany, Indiana 47150.

8. Plaintiffs Rick Altmeyer Rebecca Clark are residents of Floyd County, State of Indiana whose address is 420 White Pine Blvd., New Albany, Indiana 47150.

9. Defendant Havenpark is a Utah limited liability company whose principal office address is 750 Technology Ave., Bldg. F, Fl 2, Orem, Utah 84097 and whose resident agent for service of process in the State of Indiana is Universal Registered Agents, Inc., 9221 Crawfordsville

Rd., Indianapolis, Indiana 46234.

10. Defendant Pines LLC is a Delaware limited liability company whose principal office address is 51 W. Center St., Suite 600, Orem, UT 84057 and whose resident agent for service of process in the State of Indiana is Universal Registered Agents, Inc., 9221 Crawfordsville Rd., Indianapolis, Indiana 46234.

11. Defendant EMC is an Iowa property and casualty insurer doing business in the State of Indiana whose service address is 717 Mulberry St., Des Moines, Iowa 50309.

## II.  JURISDICTION AND VENUE

12. This Court has jurisdiction over Defendants pursuant to Ind. Trial Rule 4.4 because the Defendants are authorized to do business in Indiana and transact business in Floyd County, Indiana. Under Ind. Trial Rule 75, the preferred venue is Floyd County.

## III.  FACTS

13. Pines LLC is the owner of a mobile and manufactured home park known as "The Pines" located in New Albany, Indiana.

14. Upon information and belief, Havenpark is the parent or other affiliate of Pines LLC and manages operations of The Pines, located in New Albany, Indiana

15. Eures is the owner of a manufactured home currently located in The Pines at 201 Black Pine Blvd., New Albany, Indiana 47150.

16. Fritz is the owner of a manufactured home currently located in The Pines at 4726 Black Pine Blvd., New Albany, Indiana 47150

17. Norris is the owner of a manufactured home currently located in The Pines at 4722

Scotch Pine Blvd., New Albany, Indiana 47150

18. Bohne is the owner of a manufactured home currently located in The Pines at 424 White Pine Blvd., New Albany, Indiana 47150

19. Bowling is the owner of a manufactured home currently located in The Pines at 425 White Pine Blvd., New Albany, Indiana 47150

20. Altmeyer and Clark are the owners of a manufactured home currently located in The Pines at 420 White Pine Blvd., New Albany, Indiana 47150

21. On January 24, 2005, Eures (along with her now-deceased husband) executed a three-year lease ("Lease"), commencing on February 1, 2005, of property located in The Pines at 201 Black Pine Boulevard. ROLL, doing business as "The Pines Manufactured Home Community," was listed as the "OWNER/MANAGER." A copy of this Lease is attached as **Exhibit A**.

22. Upon information and belief, all of the other Plaintiffs have leases of one (1) to three (3) years with substantially similar terms and conditions.

23. Upon information and belief, all members of the putative class have leases of one (1) to three (3) years with substantially similar terms and conditions.

24. Pursuant to Indiana law, Eures' lease was automatically renewed annually, on identical terms, beginning on February 1, 2008. *Marcus v. Calumet Breweries, Inc.*, 73 N.E.2d 351, 352 (Ind. App. 1947).

25. Pursuant to Indiana law, the other Plaintiffs' and all class members' leases were automatically renewed annually, on identical terms, at the expiration of the terms stated in the leases. *Marcus v. Calumet Breweries, Inc.*, 73 N.E.2d 351, 352 (Ind. App. 1947).

26. The terms of Eures' lease states, "This lease shall be binding upon the parties

hereto, their heirs, administrators, executors, successors, and assigns." Upon information and belief, all other Plaintiffs' and all class members' leases contain substantially similar terms.

27. On or about June 29, 2023, Pines LLC purchased the real estate constituting The Pines and all Pines leases from R.O.L.L. Inc. ("ROLL").

28. At the time of the purchase, Pines LLC and Havenpark had actual or constructive notice of all existing tenants at the time of the purchase and of the terms and conditions of each tenant's lease.

29. As such, Pines LLC and Havenpark do not qualify as a "purchaser in good faith" under Indiana common law or statute. They acquired the real estate and leases with actual knowledge of the existence of the leases and their terms, but with no intention of honoring those lease terms.

30. Under the terms of the leases of the putative class members, the class members' leases were binding on Pines LLC/Havenpark.

31. Moreover, under Indiana law, a lease of one to three years is binding upon a subsequent purchaser, even if not recorded.

32. Plaintiffs bring this action pursuant to FRCP 23 on behalf of the Class, which consists of all persons who:

    (a) Were tenants of The Pines at the time it was acquired by Pines LLC and had a written lease with the prior owner, ROLL, at the time of the acquisition; or

    (b) Who have suffered property damages to their mobile homes as a result of sinking/shifting foundations in The Pines mobile home park.

33. Pines LLC and/or Havenpark did not have the class members execute new leases after they assumed ownership and control of the Pines.

5

34. Under Indiana law, the class members' leases with ROLL were enforceable against Pines LLC and/or Havenpark, who acquired ROLL's interests in the leases.

35. Because the class members and Pines LLC/Havenpark never executed new leases, under Indiana law the class members' leases continued, with the same terms in force and effect, on a year-to-year basis at the conclusion of the lease terms.

36. Pines LLC and/or Havenpark subsequently unilaterally raised rents to all class members without executing new leases.

37. By way of example only, Plaintiff Rebecca Eures' lease (attached hereto as **Exhibit A**) provides for rent in the amount of $290 per month. In April of 2022, by an unsigned "Lease Addendum" (attached hereto as **Exhibit B**), Pines LLC/Havenpark unilaterally increased rent to $405 per month.

38. To the extent the existing leases contained terms permitting the landlord to increase rent to pass through certain expenses, Defendants breached these lease terms by increasing rent for amounts unrelated to these expenses while also simultaneously passing through these expenses as additional "fees."

39. By way of example only, in addition to the rent increase to Rebecca Eures described above, Ms. Eures is billed for her monthly water usage. Upon information and belief this includes a charge for her actual usage plus an additional surcharge in excess of the $4 per month administrative surcharge permitted by I.C. § 8-1-2-1.2. This not only violates the terms of her lease, it also violates the provisions of I.C. § 8-1-2-1.2.

40. Upon information and belief, Defendants have not based either the usage-based fees or administrative surcharge on their actual costs, as required by the lease and by statute. For example, Defendants have indicated their monthly water surcharge is based on water costs in

Arizona (which is over 80% arid or semi-arid) rather than water rates in Floyd County, Indiana (which lies along the Ohio river and sits atop multiple aquifer systems).

41. To the extent Defendants have sought to impose fees in violation of I.C. § 8-1-2-1.2, these purported terms of the agreement are void and unenforceable. *Lee v. State*, 816 N.E.2d 35, 38-39 (Ind. 2004).

42. Pines LLC and/or Havenpark also subsequently unilaterally changed other terms and conditions of the leasehold interests of the class members without executing new leases. These changes included, but are not limited to, new fines and penalties and changes to the costs of utilities passed along to the class members.

43. Beginning at an unknown time and continuing until the present, improper drainage in the Pines has caused water runoff and erosion to the lots rented by numerous tenants of the Pines, including Eures, Norris, Bohne, and other members of the putative class to be identified in discovery.

44. Under both Indiana statutory and common law, Pines LLC/Havenpark are responsible for maintaining property common areas and infrastructure in the Pines that are under their exclusive control, including drainage. I.C. § 32-32-8-5; and *Zubrenic v. Dunes Valley Mobile Home Park, Inc.*, 797 N.E.2d 802, 806 (Ind. Ct. App. 2003).

45. Because of the runoff, the pedestals supporting the homes of Eures, Norris, Bohne, and other members of the putative class have begun shifting and continue to shift to this day.

46. Plaintiffs have repeatedly notified Defendants of these issues. Pines LLC/Havenpark have prohibited Plaintiffs from making improvements to the foundations of their homes, to the drainage on their lots, and/or to their utility lines to ameliorate these problems. Instead, Pines LLC/Havenpark have asserted that Pines LLC/Havenpark – as the landlords and

owners of the premises – have the exclusive right and power to make improvements or repairs to these facilities.

47. Among the damages to Eures and other Plaintiffs and putative class members' homes caused by the shifting of the support pedestals are structural damages to their roofs.

48. By way of example, during the time Defendants have failed and refused to fix Eures' foundation and resulting structural damages, Eures' roof has developed a leak or leaks. As a result, Eures' home has become infested with mold, causing personal injuries to Eures. Other class members may have suffered similar personal injuries.

49. Having retained exclusive right to control the ground, foundation, and pedestals supporting all tenants' homes, Pines LLC/Havenpark have assumed the duty to maintain and repair same.

50. The shifting of multiple tenants' homes as a result of this erosion has caused substantial damage to their homes.

51. The structural damages to Eures home (and possibly other class members' homes) has caused an infestation of mold, resulting in personal injuries.

52. Eures and promptly notified Pines LLC/Havenpark of the erosion, shifting pedestals, and damages to her home and to other homes in the neighborhood. Pines LLC/Havenpark denied responsibility for either the pedestals or the home damage.

53. On or about September 21, 2022, Eures obtained an estimate for the cost to stabilize the supports to her home. This estimate was for $27,078.50. Eures provided this estimate to Pines LLC/Havenpark.

54. On or about October 7, 2022, Eures obtained an estimate for the repairs to her home. This estimate was for $19,462. Plaintiff provided this estimate to Pines LLC/Havenpark.

55. On November 3, 2022, Plaintiff had her attorney send a letter to Pines LLC/Havenpark demanding, among other things, that the home damages be repaired and the pedestals be stabilized.

56. On January 25, 2023, Defendant EMC sent to purported "experts" to examine the erosion under Plaintiff's home and the stability of the supports.

57. Photographs taken under Plaintiff's home show clear evidence of erosion, visible and obvious to even a lay person.

58. By way of example the following photograph of the erosion under Eures' home was taken contemporaneously with these "experts" inspection and clearly shows, as a matter of fact and not opinion, signs of erosion under her home:



59. Defendants, all of them, through their counsel, reported in April of 2023 that EMC's "experts" concluded that there was no evidence of erosion and no shifting of the supports under Plaintiff's home. This was a knowing false statement of fact – i.e., a "lie" – by either the experts, Defendants, and/or their counsel.

60. Plaintiff's Counsel requested copies of the written reports prepared by these "experts." Defendants' counsel advised that these "experts" did not put their opinions in writing; they reported them orally.

61. Pines LLC/Havenpark and their insurer, EMC, offered *de minimis* offers to repair the damages to Eures' home and have repeatedly refused stabilize the pedestals, denying there is any issue.

62. Eures and other tenants have paid to have their homes repaired. However, additional damages have continued to occur due to the continued erosion and shifting of the pedestals.

63. Pines/Havenpark have prohibited tenants from making improvements to the foundations of their homes, thereby preventing tenants from mitigating their damages.

CLAIMS

Count I: Breach of Contract (Lease).

For Count I of their Complaint against Defendants Pines LLC and Havenpark, Plaintiffs, individually and on behalf of the class, state:

64. Plaintiffs incorporate the preceding allegations as if set forth fully herein.

65. By the above conduct, Pines LLC and/or Havenpark are in breach of the terms of the class members' leases, which were year-to-year leases following the expiration of the lease

11

periods and which were enforceable against Pines LLC/Havenpark as the assignees of ROLL's interests.

66. Defendants breached the leases in multiple respects, including but not limited to the following:

   a. Increasing base rents in violation of existing leases;

   b. Changing lease terms (including rents and fees) without signed agreements from class representatives, which changes are unenforceable under Indiana's statute of frauds;

   c. To the extent lease terms permitted pass throughs of costs, increasing rents or imposing fees that were not based on actual cost increases;

   d. Adding fees for utility services while also billing based on actual consumption, in violation of the lease terms and in excess of the amounts permitted by I.C. § 8-1-2-1.2;

   e. Failing to maintain adequate drainage and sewage facilities in common areas and on property under the exclusive control of Defendants such that damages were caused to the class members' property – both from runoff during rains and from the backing up of sewage; and

   f. Prohibiting class members from making repairs or changes to the ground, utilities (such as sewer lines), foundations, and other parts of their rental units while simultaneously refusing to make necessary repairs.

67. The class members are entitled to compensatory damages for overpayments of rents, fees, and utilities in an amount to be determined.

68. The class members are further entitled to compensatory damages for breach of their leases for failure to make repairs to property under the exclusive control of defendants.

69. The class members are further entitled to compensatory damages for breach of their leases and/or negligence for failure to damages caused to their individual property caused by Defendants failure to maintain and repair property under Defendants exclusive control – specifically, the drainage in common areas and the foundations under each class member's home.

Count II: Violations of I.C. § 32-31-8-5

For Count II of their Complaint against Defendants Pines LLC and Havenpark, Plaintiffs, individually and on behalf of the class, state:

70. Plaintiffs incorporates the preceding allegations as if set forth fully herein.

71. Defendants Pines LLC and Havenpark are "landlords" subject to the requirements of I.C. § 32-32-8-5.

72. The class members' are all "tenants" who rent "rental premises" for purposes of I.C. § 32-32-8-5.

73. By the above described conduct, Pines LLC/Havenpark breached their duties under I.C. § 32-32-8-5(2), (3), and (4).

74. Pursuant to I.C. § 32-31-8-6(d)(1)(A), the Plaintiffs and the class members are entitled to compensatory damages for violations of I.C. § 32-32-8-5(2), (3), and (4), including the costs of replacing or repairing the foundation for each class members' homes, replacing of repairing each class member's inadequate or compromised utility lines, and for any damages to their homes or other personal property that resulted from Defendants' breaches.

75. Pursuant to I.C. § 32-31-8-6(d)(1)(B), the Plaintiffs and the class members are entitled to payment of their attorneys' fees.

76. Pursuant to I.C. § 32-31-8-6(d)(2), the Plaintiffs and the class members are injunctive relief compelling Pines LLC/Havenpart to install and maintain adequate facilities, including: installing adequate storm drainage; replacing any inadequate or compromised water or sewer mains; replacing any inadequate or compromised lateral lines over which Pines LLC/Havenpark have retained control; and replacing or repairing any home foundations in need of same.

### Count III: Negligence.

For Count III of their Complaint against Defendants Pines LLC and Havenpark, Plaintiffs, individually and on behalf of the class, state:

77. Plaintiffs incorporate the preceding allegations as if set forth fully herein.

78. By the above-referenced conduct, Pines LLC/Havenpark have negligently maintained the drainage, other facilities, and/or common areas of the Pines, which negligence has caused damage to Plaintiffs and the class members' homes.

79. Plaintiffs and the class members are entitled to recover compensatory damages for the repairs to their homes and to pay to have their foundations stabilized.

80. Plaintiffs and the class members are entitled to recover compensatory damages for personal injuries caused by Defendants' negligence.

### Count IV: Fraud.

For Count IV of their Complaint against Defendants Pines LLC and Havenpark, Plaintiffs, individually and on behalf of the class, state:

81. Plaintiffs incorporate the preceding allegations as if set forth fully herein.

82. There is clear evidence of erosion and shifting of the supports beneath Plaintiff's home. This is not a matter of opinion, as shown by photographs taken of the foundation of Eures' home at the time of the "experts'" inspection.

83. Defendants or their Counsel have, knowingly and intentionally, falsely represented that their purported "experts" concluded there was no evidence of erosion and that the supports under Plaintiff's home had not shifted.

84. Defendants' purported "experts" declined to put these alleged opinions in writing

because these experts hold no such opinions, which Defendants surely must know.

85. Defendants, all of them, presented these false statements as facts in an effort to avoid paying Eures and other Plaintiffs for the damages to their property.

86. To the extent Defendants conspired to present these falsehoods as facts, they are jointly and severally liable under the common law principle of tortious conspiracy.

87. Plaintiffs and the class members are entitled to recover compensatory and punitive damages from all Defendants, jointly and severally.

WHEREFORE, Plaintiffs demand judgment as follows:

A. Compensatory damages for each Plaintiff and for the class against Defendants, in an amount to be determined;

B. Punitive damages for each Plaintiff and for the class against Defendants, in an amount to be determined;

C. An award of attorneys' fees;

D. For injunctive relief ordering Pines LLC/Havenpark to install adequate drainage throughout the Pines, to repair or replace class members' foundations as needed, and to repair and replace all utilities controlled by Pines LLC/Havenpark as needed;

E. For costs; and

F. For all other proper relief in the premises.

Dated: January 29, 2024            /s/ J. David Agnew

                                            J. David Agnew
                                            Indiana Attorney No. 21531-49
                                            Attorney for Plaintiff
                                            LORCH NAVILLE WARD LLC
                                            P.O. Box 1343 – 506 State Street
                                            New Albany, IN 47151-1343
                                            Telephone: (812) 949-1000
                                            dagnew@lnwlegal.com

**DEMAND FOR JURY TRIAL**

Comes now the Plaintiffs, by counsel, and demand their right to trial by jury.

>     */s/ J. David Agnew*
>     J. David Agnew
>     Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March 2024, the foregoing was filed electronically with the United States District Court and was served – through the Court's E-Filing System – on the following:

| | |
|---|---|
| Edward M. O'Brian<br>Katherine E. Tapp<br>WILSON, ELSER, MOSKOWITZ<br>EDELMAN & DICKER, LLP<br>100 Mallard Creek Road, Suite 250<br>Louisville, KY 40207<br>Edward.obrien@wilsonelser.com<br>Katherine.tapp@wilsonelser.com<br>*Counsel for Defendant EMC Property and Casualty Company* | Meghan E. Ruesch<br>C. Chase Wilson<br>LEWIS WAGNER, LLP<br>1411 Roosevelt Avenue, Suite 102<br>Indianapolis, IN 46201<br>mruesch@lewiswagner.com<br>cwilson@lewiswagner.com<br>*Counsel for Defendants Havenpark Management, LLC and The Pines of New Albany LLC* |

>     /s/ J. David Agnew
>     J. David Agnew, Attorney No. 21531-49
>     *LORCH NAVILLE WARD LLC*
>     P.O. Box 1343 – 506 State Street
>     New Albany, IN 47151-1343
>     Telephone: (812) 949-1000
>     dagnew@lnwlegal.com

49382