UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| REBECCA EURES,  )<br>THERESA FRITZ,  )<br>DAVID BOWLING,  )<br>RICK ALTMEYER,  )<br>WILLIAM NORRIS,  )<br>VICKIE BOHNE,  )<br>REBECCA CLARK,  )<br>  )<br>           Plaintiffs,  )<br>  )<br>        v.  )<br>  )<br>HAVENPARK MANAGEMENT, LLC,  )<br>THE PINES OF NEW ALBANY, LLC,  )<br>EMC PROPERTY AND CASUALTY  )<br>COMPANY,  )<br>  )<br>           Defendants.  )  | No. 4:23-cv-00184-TWP-KMB |

## **ENTRY ON JURISDICTION**

It has come to the Court's attention that Defendants' Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges this Court has subject matter jurisdiction based upon diversity of citizenship. However, neither the Notice of Removal, Defendants' Rule 7.1 Corporate Disclosure Statement, nor the Amended Complaint sufficiently alleges the citizenship of Plaintiffs Theresa Fritz, David Bowling, Rick Altmeyer, William Norris, Vickie Bohne, and Rebecca Clark, or Defendant the Pines of New Albany, LLC. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.* Additionally, "a trust's citizenship is that of the trustee, rather than the beneficiaries, for purposes of 28 U.S.C. § 1332(a)." *Grede v. Bank of N.Y. Mellon*, 598 F.3d 899, 901 (7th Cir. 2010).

Plaintiff Rebecca Eures initiated this action by filing her original Complaint for Damages and Class Action Complaint against Defendants Havenpark Management, LLC ("Havenpark"), the Pines of New Albany, LLC (the "Pines of NA"), and EMC Property and Casualty Company ("EMC") (collectively, "Defendants") in the Floyd County Superior Court under Cause No. 22D03-2310-PL-001419 (Filing No. 1-2). On November 10, 2023, Defendants removed this action to federal court on the basis of diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (Filing No. 1 at 1). Defendants' Notice of Removal properly alleges the citizenships of Plaintiff Eures, the putative class members, Havenpark, and EMC. *Id.* 2–9. The same day, Defendants filed their corporate disclosure statement as required by Federal Rule of Civil Procedure 7.1 (Filing No. 2).

On January 29, 2024, Plaintiff Eures moved for leave to file an Amended Complaint to add Plaintiffs Fritz, Bowling, Altmeyer, Norris, Bohne, and Clark (the "Amendment Plaintiffs"), pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). On February 7, 2024, the Magistrate Judge granted Plaintiff Eures' motion for leave to amend (Filing No. 27). Plaintiff Eures filed her Amended Complaint on March 11, 2024. The Amended Complaint alleges that each Amendment Plaintiff is a "resident" of Floyd County (Filing No. 33 at 2, ¶¶ 4–8). These allegations are insufficient to allege the citizenship of the Amendment Plaintiffs, rather than their residence.

Further, Defendants' Notice of Removal and Rule 7.1 Corporate Disclosure Statement do not sufficiently allege the citizenship of the Pines of NA to allow the Court to determine whether diversity jurisdiction exists because they fail to identify all of the members (and members' members) of the Pines of NA and their citizenship. Defendants allege that the Pines of NA has one member, Affordable Communities Fund I, LLC, which in turn as fifteen members: five LLCs and ten individuals and/or trusts (Filing No. 1 at 4–5; Filing No. 2 at 3–4). Defendants provide the following information about these members:

> Member 1: Havenpark Capital Partners, LLC, has two members, Hacienda Capital Partners, LLC ("Hacienda"), and Worldwide Solutions, LLC ("Worldwide"). Hacienda has one member, the Santa Sofia Family Trust, which has three trustees: Robison Pratt, a citizen of Utah; Lisa Pratt, a citizen of Utah; and Elbert Pratt, a citizen of Texas. Worldwide has three members: J. Anthony Antonelli, a citizen of Utah; the Sempre Trust, whose sole member is J. Anthony Antonelli; and the Evergreen Trust, whose sole member is Elizabeth Antonelli, a citizen of Utah. (Filing No. 1 at 2–4).
>
> Member 2: Ricks Holdings II, LLC, "has two members: a revocable and an irrevocable trust. The trustees of both trusts are natural persons domiciled in Utah." *Id.* at 4.
>
> Member 3: RH ACF Investments, LLC, has one member, Ricks Holdings, LLC, which "has six members, including an irrevocable trust, a revocable trust, and four private individuals. The trustees of both trusts are natural persons domiciled in Utah and the four individuals are natural persons domiciled in Utah." *Id.*
>
> Member 4: Lion ACF One, LLC, has one member, "and its sole member is domiciled in Utah." *Id.*
>
> Member 5: AC Setting Fund, LLC, has one member, Red Rock Capital, LLC, which "has two individual members who are domiciled in and, therefore, are citizens of Utah." *Id.* at 4–5.
>
> Members 6–15: The ten remaining members "consist of ten private individuals and trusts ('Private Members'). The Private Members and their trustees are . . . citizens of South Carolina, Texas, Utah, and Virginia." *Id.* at 5.

With the exception of Havenpark Capital Partners, LLC, these allegations are insufficient to allege the citizenship of Pines of NA because they fail to identify all "layers" of its members

and their citizenship. *Meyerson*, 299 F.3d at 617 (7th Cir. 2002). In a footnote in their Notice of Removal, Defendants contend that they are not required to reveal the identities of certain members. Defendants cite 28 U.S.C. § 1446(a), which requires that the Notice of Removal contain only "a short and plain statement of grounds for removal," and an advisory committee note to the 2022 amendments to Federal Rule of Civil Procedure 7.1(a)(2) (the "2022 Committee Note"), which states that "the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties." (Filing No. 1 at 5 n.1).

Defendants' reliance on 28 U.S.C. § 1446(a) is misplaced. The Seventh Circuit Court of Appeals has "held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) (alteration and emphasis in original) (citation omitted); *see, e.g.*, *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *Middlemen Serv. Pros., LLC v. AION Mgmt., LLC*, No. 23-cv-01336, 2024 WL 454975, at *1 (S.D. Ind. Feb. 6, 2024); *Padilla v. Diaz*, No. 23-cv-00170, 2023 WL 9751418, at *1 (S.D. Ind. Oct. 18, 2023); *Indy Car LLC v. Boston Grand Prix, LLC*, No. 16-cv-01274, 2016 WL 11694986, at *1 (S.D. Ind. June 20, 2016). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. Failure to go through all the layers can result in dismissal for want of jurisdiction." *Meyerson*, 299 F.3d at 617 (citations omitted).

Defendants' reliance on the 2022 Committee Note is likewise unavailing. Though no Seventh Circuit court has had an occasion to address these notes, other district courts throughout

4

the country have consistently held that the 2022 Committee Note does not allow parties to withhold the names of their members simply because those members prefer that their information remain private. *See Mann v. Trails Carolina, LLC*, No. 23-cv-20, 2023 WL 5109564, at *2 (W.D.N.C. Aug. 9, 2023) (listing cases); *see also, e.g.*, *Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2023) ("[A] party cannot evade the requirements of Rule 7.1(a) merely by asserting that the Court already has 'sufficient information to evaluate diversity jurisdiction.'"); *Mansorr v. NRRM, LLC*, No. EP-23-CV-00236, 2023 WL 4093413, at *2 (W.D. Tex. June 20, 2023) ("Rule 7.1(a)(2) explicitly contemplates that an LLC will '*name*'—not merely 'identify the citizenship of,' and not merely list the initials of—its members." (emphasis in original)). This Court finds these cases persuasive. Defendants have identified no substantial interest in privacy that might justify omitting the names of their members from the record. Their mere preference for privacy is not sufficient, "especially given that Defendant[s] purposefully placed [their] members' identities at issue by invoking this Court's diversity jurisdiction." *Mansorr*, 2023 WL 4093413, at *3.

As the party asking this Court to invoke its jurisdiction, Defendants must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, Defendants are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the Amendment Plaintiffs and Defendant the Pines of New Albany, LLC. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

    **SO ORDERED**.

Date: 4/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

J. David Agnew
LORCH NAVILLE WARD LLC
dagnew@lnwlegal.com

Aj Bokeno
Wilson Elser
aj.bokeno@wilsonelser.com

Edward M. O'Brien
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
edward.obrien@wilsonelser.com

Meghan Eileen Ruesch
LEWIS WAGNER, LLP
mruesch@lewiswagner.com

Christopher Chase Wilson
Lewis Wagner, LLP
cwilson@lewiswagner.com