UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| REBECCA EURES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00184-TWP-KMB |
| | ) | |
| HAVENPARK MANAGEMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION TO STAY PRETRIAL DEADLINES**

Presently pending before the Court is the Parties' Joint Motion to Stay Pretrial Deadlines Pending Resolution of Pending Dispositive Motions. [Dkt. 104.] For the reasons stated below, the Motion to Stay is **GRANTED**, and all pretrial deadlines are **VACATED** pending resolution of the Defendants' Motions to Dismiss, which remain **UNDER ADVISEMENT**. [Dkts. 77; 81.]

### I.     BACKGROUND

This case involves thirty-one individual Plaintiffs suing multiple defendants on four different claims, all of which require different burdens of proof and discovery. [Dkt. 104 at 1-2.] Over the last ten months, the Parties have engaged in discovery, and two Defendants have filed Motions to Dismiss. [Dkts. 77; 81.] The Parties have previously expressed apprehension regarding the case management deadlines in this case based on the number of Plaintiffs and other delaying factors. [*See, e.g.*, dkt. 96.] Following a Telephonic Status Conference with the Court, the Parties filed the instant motion, requesting a stay of pretrial deadlines based on the "unique nature and posture of this case." [Dkt. 104 at 3.]

## II. LEGAL STANDARD

District courts have inherent power to control their dockets and enjoy broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248 (1936). While stays are generally disfavored, courts have found them to be appropriate in rare cases where pending dispositive motions could resolve the case. *See, e.g.*, *Soares v. Meeks*, 2021 WL 5748438 (S.D. Ind. Oct. 4, 2021).

The Court considers three factors when assessing a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. Feb. 17, 2023).

## III. DISCUSSION

The Parties have filed a Joint Motion to Stay in this case that addresses all three factors outlined above. First, the Parties jointly request the stay, so as they point out, no Party will be unduly prejudiced by it. [Dkt. 104 at 5.] Second, a stay would simplify the questions at issue since there are thirty-one Plaintiffs in this case with multiple types of claims at issue, each of which requires different discovery. [*Id.* at 6.] Third, the Parties emphasize that the Court's rulings on the pending Motions to Dismiss, [dkts. 77; 81], could resolve the case in full or, at a minimum, will significantly impact what needs to be litigated. [Dkt. 104 at 6.]

The Court agrees with the Parties that vacating the remaining pretrial deadlines will promote judicial economy and simplify the issues to be litigated, given the unique circumstances of this case, which should streamline future discovery and case management. The Court notes, however, that it is granting the Parties' requested relief in part because of the representation in their joint motion that they are "not seeking a formal stay of discovery *per se*" and are adamant that they will continue targeted discovery in an effort to continue to resolve some of all of Plaintiffs' claims on an individual basis. [*Id.*] This representation is consistent with the Parties' representations to the Court at a recent status conference, such that the Court is confident that while the Motions to Dismiss remain pending, the Parties will still be working on the case with an eye towards individual claim resolution, as possible.

### IV.     CONCLUSION

For the reasons stated herein, the Defendant's Motion to Stay, [dkt. 104], is **GRANTED**, and the remaining pretrial deadlines are **VACATED** pending resolution of the Defendants' Motions to Dismiss for Failure to State a Claim. The Telephonic Status Conference previously scheduled for December 12, 2024, remains **AS SCHEDULED**, [dkt. 103], and the Court will expect a status update regarding case progress at that conference.

**SO ORDERED.**

Date: 11/13/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email